Earl Mykles
(Name)

1077 Rivara #212
(Address)

Stockton CA 95207
(City, State, Zip)

_____
(CDCR / Booking / BOP No.)

**FILED**

Nov 26 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     s/ TrishaF     DEPUTY

# United States District Court
## Southern District of California

Earl Mykles,
(Enter full name of plaintiff in this action.)

                                            Plaintiff,

v.

State Compensation
Insurance Fund (SCIF)
of California and,
SEIU Local 1000,
(Enter full name of each defendant in this action.)

                                            Defendant(s).

Civil Case No. **'18 CV 2675 WQH LL**
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, Earl Mykles
(print Plaintiff's name), who presently resides at 1077 Rivara Rd. #212 in
Stockton CA 95207 (mailing address or place of confinement), were violated by the actions of
the below named individuals. The actions were directed against Plaintiff at Stockton CA
Sacramento CA on (dates) 2006, 2007 –, and 2007 – 2011
(institution/place where violation occurred)   (Count 1)   (Count 2)   (Count 3)
                                                                      2011

§ 1983 SD Form
(Rev. 8/15)

①

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant **Gail Dzeweicki** (name) resides in **San Joaquin** (County of residence), and is employed as a **Assistant Claims Mngr** (defendant's position/title (if any)). This defendant is sued in his/(her) ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **employed by SCIF (State Compensation Insurance Fund).**

Defendant **Jeurg Morach** (name) resides in **San Joaquin** (County of residence), and is employed as a **Claims Manager** (defendant's position/title (if any)). This defendant is sued in (his)/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **employed by SCIF, he approved Ms Dzewicki's dismissing plaintiff from his job due to his "failing" the fraudulent WIP that violated his Weingarten rights**

Defendant **Marie Tillman** (name) resides in **San Joaquin** (County of residence), and is employed as a **Claims Manager** (defendant's position/title (if any)). This defendant is sued in his/(her) ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **same as Morach, above**

Defendant **Melinda Williams** (name) resides in **Sacramento** (County of residence), and is employed as an **Attorney** (defendant's position/title (if any)). This defendant is sued in his/(her) ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **Ms Williams, who is employed by SEIU 1000 the union recognized by the State of Calif, "represented" him in his Whistleblower Retaliation / wrongful termination lawsuit against SCIF. She failed to inform the plaintiff of his Calif 3514.5(a) legal right he has to pursue an unfair practice charge against SCIF with Public Employment Relations Board (PERB) then allowed the plaintiff to sign this agreement settling Whistleblower, etc which contained 1542 waiver. This waiver now prevents the plaintiff from pursuing unfair practice charge against SCIF which constitutes denial of plaintiff's due process rights.**

§ 1983 SD Form (Rev. 8/15)

②

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: <u>Due Process by SCIF</u>
(E.g., right to medical care, access to courts,
<u>and by SEIU Local 1000, Weingarten violations</u>.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

see attached

Count 2: The following civil right has been violated: due process/access to courts by SEIU1000. and by SCIF.

(Eg., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

SEIU 1000 met to decide if they were going to pursue UPC (Unfair Practice Charge) with PERB for whistle-blower retaliation/wrongful termination - plaintiff not informed about this meeting(s). SEIU 1000 decided not to pursue this UPC against plaintiff's employer, SCIF (State Compensation Insurance Fund) and failed to so inform plaintiff. SEIU1000 failed to inform plaintiff that per Calif Dill© 3514.5(a) he has the statuatory right to pursue this UPC himself even if SEIU1000 decides not to. The whistleblower retaliation/wrongful termination complaint was settled with a 1542 waiver of 3514.5(a) which plaintiff signed, being completely unaware of PERB SEIU1000's meeting (s) and most importantly 3514.5(a).

If plaintiff had been properly informed as it is SEIU 1000's fiduciary duty to do so about the above especially 3514.5(a) he would've pursued this UPC himself, that is, he would've fulfilled his due process, civil rights

SEIU 1000's conduct constitutes fraud on the court, the court being PERB, and this fraud on the court by SEIU1000 now directly prevents (1542 waiver) plaintiff from pursuing UPC against SCIF. This constitutes SEIU1000's violation of plaintiff's due process rights

(see attached)

§ 1983 SD Form
(Rev. 8/15)

(4)

Count 3: The following civil right has been violated: <u>Conspiracy between</u>
<u>SCIF and SEIU 1000 to deny the plaintiff</u>
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

of his Weingarten right, due process rights and deny the plaintiff access to the court (PERB = court). Conflict of Interest = if an employee of SEIU 1000 like Melinda Williams or Don Stone get injured on the job, then SCIF administrates their workers' compensation claim, an obvious conflict of interest that could've been very easily fixed years ago by SEIU 1000 insuring with one of any number of workers' comp carriers

see attached

§ 1983 SD Form
(Rev. 8/15)

5

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☑ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Earl Mykles
Defendants: Melinda Williams, Esq. SEIU 1000
(b) Name of the court and docket number: Mykles v. Williams, Superior Court # 34-2013-00153684
(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] appeal to California Court of Appeal # C079338
(d) Issues raised: Plaintiff claimed that he can seek remedy for breach of duty of fair representation with superior court after he fully exhausted his administrative remedy with PERB as 3514.5 allows. Both Courts ruled plaintiff could not, denying due process.
(e) Approximate date case was filed: 2013
(f) Approximate date of disposition: 2016

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.]? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

Plaintiff sought relief for SEIU1000's breach of duty of fair representation with Superior Court (Judge Cadei) after seeking relief for same with PERB. Judge Cadei misinterpreted 3514.5 thinking 3514.5 gives PERB exclusive rather than giving PERB initial exclusive jurisdiction over unfair practice claims. The Appeal Court and Supreme Court had trouble reading 3514.5 also and prevented plaintiff from seeking relief with Superior Court for breach of duty of fair representation.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): SCIF from asserting the 1542 waiver contained in the Whistleblower Retaliation/ Wrongful Termination

2. Damages in the sum of $ 750,000.

3. Punitive damages in the sum of $ 2,000,000.

4. Other: _____

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

Sept 20, 2018
Date

Earl Mybles
Signature of Plaintiff

§ 1983 SD Form
(Rev. 8/15)

7

**42 USC § 1983**

Count 1 Violation of Due Process, (attachment)

State compensation Insurance Fund (SCIF) and other named defendant's denied plaintiff of his Weingarten rights to union representation during his Work Improvement Plan (WIP).

**Timeline:**

September 8, 2006: First WIP meeting with memo given to plaintiff as shown by his dated signature.

September 22, 2006: Second WIP meeting – no WIP memo given to plaintiff.

October 6, 2006: third WIP meeting – no WIP memo given to plaintiff.

October 16, 2006: WIP memo for the above September 22 and October 6, 2006 WIP meetings not given to plaintiff as proven by the lack of his dated signature. This WIP memo said WIP was disciplinary.

October 20, 2006 WIP meeting: Prior to this meeting plaintiff formally requested SEIU 1000 union representation. THE SCIF supervisor conducting the WIP said in front of two union stewards (Don Stone, Rachel Chang) and the plaintiff that the WIP wasn't disciplinary so union representation wasn't necessary and if plaintiff still wanted union representation, she would get her supervisor, Marie Tillman to attend. Since plaintiff hadn't seen the October 16, 2006 WIP memo, he believed her and so declined union representation.

The two union stewards failed to do the obvious – ensure they read all WIP memos to date to determine if WIP really wasn't disciplinary and failed to get this

**42 USC § 1983**

in writing! Note: this is documented in whistleblower retaliation/wrongful termination with SPB and can be provided.

October 31, 2006 WIP memo done for this very same! WIP meeting of October 20, 2006, like the October 16, 2006 WIP meeting stated that really the plaintiff did face discipline.

November 17, 2006 WIP meeting: No WIP memo given to plaintiff.

December 16, 2006: final WIP meeting where suddenly the SCIF supervisor "realizes" how to properly conduct a WIP in compliance with the Collective Bargaining Agreement (CBA) **AND** her **own** SCIF supervisor handbook.

SCIF's HR Department stamp only appears on the September 8 and December 15, 2006 WIP memos. They are named as defendants because they failed to perform to the very **minimal** requirements of their job, which is to do the obvious, procure **all** date-signed by plaintiff.

The SCIF Skelly Officer who had the authority to stop this illegal WIP (illegal = violation of Federal laws and violation of CBA and SCIF supervisor's handbook) failed miserably and is also named as a defendant (DOE).

If plaintiff had seen all WIP memos (October 16 and October 31, 2006) he would have exercised his Weingarten right. He would not even had to question whether or not the WIP was disciplinary, he would've known starting with the October 16, 2006 WIP memo and would've requested union representation during all subsequent WIP meetings.

## 42 USC § 1983

Another SCIF employee was given a WIP by this same supervisor at about the same time received **all** his WIP memos to date-sign. Plaintiff **believes** he received a WIP memo to date-sign after **every** WIP. If plaintiff had received a WIP memo to date sign following the September 22, 2006 WIP meeting, he would have known the truth about the WIP's disciplinary potential and therefore, would've exercised his Weingarten right for all following WIP meetings, starting with the October 6, 2006 WIP meeting.

Considering that verbal discussions occurring during WIP meetings for which the October 16 and October 31, 2006 WIP memos were written indicated that the WIP **wasn't** disciplinary and that these WIP memos indicated the opposite and the fact that these memos were hidden from plaintiff as well as the fact that the SCIF supervisor lied about the disciplinary nature of the WIP there can be only one conclusion, SCIF is guilty of fraud, not only against the plaintiff, but also against the federal government to deny plaintiff his due process 42 USC § 1983, rights; and that SEIU 1000 was complicant.

Can SWIU 1000 be added as a defendant or is a separate filing necessary?

Are SCIF and SEIU 1000 guilty of obstruction of justice?

Per US Legal, USLegal.com: "Obstruction of justice is a criminal offense of interfering with the (1) Administration of justice or (2) The process of law (process of law = asserting Weingarten right?)

**42 USC § 1983**

US legal continues: "Obstruction of Justice is a broad concept that extends to **any** effort to prevent the execution of a lawful process or the administration of justice in either a criminal or a civil matter." [Emphasis added].

And "The purpose of criminal obstruction statutes is to protect the integrity of legal proceedings".

Since the above occurred under color of state law (SCIF is a department of California State Government) and this conduct deprived the plaintiff of exercising a right (right that benefits the plaintiff) guaranteed under federal law (that federal law being Weingarten) and that SCIF was callously indifferent to the plaintiff's Weingarten right (actually, SCIF was **hostile** to Weingarten) and motivated by evil intent then there exist cause of action under 1983.

*Harrah Independent School District v. Martin*, 440 US 194 (1979) US Supreme Court suggested that a public employee with a protected property interest in employment had a substantive due process right to state action." Per California *Loudermill* decision, plaintiff has a property right to his job which can't be denied without due process.

A plaintiff asserting a substantive due process claim must allege facts showing that District Officials are guilty of grave unfairness in the discharge of their legal responsibilities – *Silverman v. Barry*, 269 U.S. App. D.C. Cir 1988). "Only a substantial infringement of [District] law prompted by personal or group animus, or a deliberate flouting of law, qualifies for relief under §1983".

**42 USC § 1983**

## Count 2 Access to Courts, attachment

SEIU 1000 pursued whistleblower retaliation/wrongful termination only with the SPB (State Personnel Board who administrates California's merit-based system for all public employees.

However, PERB (Public Employees Relations Board of California) has **equal** jurisdiction over Whistleblower Retaliation/Wrongful Termination, hereafter referred to as WR/WT and Mr. James Toomey, attorney defending (and employed by) SCIF against this WR/WT allegation must have known about this equal jurisdiction (or at least should have; not knowing = negligence, gross negligent, willful and wanton negligence on the part of Mr. Toomey?)

Mr. Toomey's obligation to prevent fraud on the court (the court being (PERB) supersedes his fiduciary duties he owes to his client, SCIF.

Mr. Toomey participated in settlement negotiations of WR/WT and assisted in writing the settlement. He even insisted upon adding a 1542 California Waiver which caused plaintiff to sign away any California State actions (not federal, not his action) including the plaintiff's Dill legal right, 3514.5 (a) to pursue WR/WT with PERB himself even if SEIU 1000 decides not to (SEIU decided not to after meetings the plaintiff was never told about, and SEIU even failed to inform the plaintiff, an 18+ year dues paying member, about 3514.5 (a)).

Obviously, the plaintiff will be pursuing criminal obstruction of justice and fraud on the court (SEIU 1000's attorney who was supposedly representing the plaintiff went along with Mr. Toomey's addition of California 1542 waiver, allowing the

**42 USC § 1983**

plaintiff to sign settlement agreement of WR/WT causing him to waive his 3514.5 (a) Dills **legal right** he has to pursue an unfair practice charge (UPC with jurisdiction **is equal** to SPB's jurisdiction.) in California Criminal and Superior Courts.

This should be of great concern to the United States District court, especially Mr. Toomey's (and SCIF's) failure to live up to his (their) obligation to prevent fraud on the court from occurring (fraud on the court exists even if this fraud arises out of Mr. Toomey's simple "mistake" of not realizing PERB has **equal** jurisdiction to SPB over WR/WT causing him to not speak up during the years (2008-2011) of WR/WT of litigation before the SPB asking the obvious – why isn't PERB being involved (or at least ask whether or not PERB has been notified of this SPB litigation. For that matter, why didn't someone at SPB raise this issue?!

According to California Dills Law (Dills applied to SCIF and its employees) 3514.5, PERB has initial jurisdiction over unfair practice claims (UPC's) as stated.

3415.5, the initial determination as to whether the charges of unfair practice are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter" (This chapter = Dills 3512 to 3524)" should be a matter within the **exclusive** jurisdiction of the board "(board = PERB) [Emphasis added].

Per *California Correctional Peace Officers Association v. State of California Department of Corrections PERB* case # S-CE-551-S, PERB decision #1104-S (1995): "interference by an employer to a union's representational rights" (dills 3515.5 gives the union, in this case SEIU 1000 the **legal right** to represent plaintiff during WIP)" is an unfair labor practice.

**42 USC § 1983**

Mr. Toomey unless incompetent should've known about 3415.5, 3515.5 and known about this decision during WR/WT litigation before the SPB (litigation revolving around SCIF's hiding the October 16 and October 31, 2006 WIP memos from plaintiff) from 2007 – 2011 (in 2007 this decision, 1995 was twelve years old!) and spoken up to prevent extrinsic fraud being perpetrated on PERB (also to prevent intrinsic fraud from being perpetrated on SPB, intrinsic fraud = depriving SPB of PERB's decision on WR/WT into its own decision on WR/WT).

Instead not only did Mr. Toomey commit extrinsic and intrinsic fraud on PERB and SPB by means of his silence/concealment but, even worse, at the last minute before the WR/WT settlement was signed, he added the 1542 waiver to **prevent** plaintiff from pursuing UPC with PERB himself as is plaintiff's 3514.5 (a) Dills **legal right**.

The judge in State Personnel Board v. Department of Personnel Administration, C032633 (2003) ruled that SPB has **non-exclusive** jurisdiction over disciplinary actions **in conjunction** with PERB.

If Mr. Toomey had practiced **minimal** due diligence he would've found this case. It took plaintiff only a few minutes to find this case and the California correctional Peace Officers case (previously cited). Of course, being an experienced practicing attorney with years of experience with Dills, PERB and SPB he should've already known about these case decisions (and others plaintiff will cite later) before he started representing SCIF in WR/WT before SPB!

Mr. Toomey as an officer of the court = SPB), has obligations to SPB to disclose to SPB that PERB initially has exclusive jurisdiction, or at least that PERB has equal,

**42 USC § 1983**

conjunctive jurisdiction over WR/WT per ABA Canon #3: "A lawyer **must** disclose to the court **any** knowledge of **any** adverse authority in the controlling jurisdiction that an opponent failed to "disclose" [Emphasis Added] (opponent = Ms. Williams, SEIU 1000's attorney) (any knowledge = PERB, not SPB has jurisdiction) (disclose to SPB and PERB; definitely **don't** add 1542 waiver that prevents plaintiff from pursuing UPC against SCIF with PERB for WR/WT, prevents plaintiff from going to PERB which is extrinsic fraud on PERB).

ABA Canon #1 "attorneys must ensure the administration of justice is not corrupted". Mr. Toomey actually ensured the administration of justice ensured the administration of justice was corrupted – the ultimate corruption is keeping plaintiff away from the court, the court being PERB, which is extrinsic fraud on PERB.

### Count 3:  Conspiracy with SEIU 1000 (attachment)

By now, it becomes clear that the questions as to why the following occurred arises:

1. Prior to the October 20, 2006 WIP meeting when plaintiff's SCIF supervisor stated the WIP wasn't disciplinary, the two union SEIU 1000 stewards, Don Stone and Rachel Chang should have clone the obvious:  (a) ask to see all WIP really wasn't disciplinary and (b) Get this in writing.
2. SEIU 1000 allowed the ten day limit to expire for procuring on Arbitrator. SEIU 1000 decided not to pursue arbitration without informing plaintiff of this decision and without informing plaintiff that although the union wasn't procuring arbitration that the plaintiff himself, could.

**42 USC § 1983**

3. Immediately following plaintiff's dismissal, SEIU 1000 failed to assert during the Skelly hearing that if SCIF fails to reverse the plaintiff's dismissal that they would pursue UPC with PERB for violation of plaintiff's Weingarten (and dills) rights (and that this would be brought up with arbitrator.
4. SEIU 1000 failed to inform plaintiff about SEIU 1000 legal meetings to decide whether or not the union would pursue UPC with PERB (California Public Relations Board), failed to inform plaintiff of the union's decision not to pursue this UPC, failed to inform plaintiff that he has the Dills **legal right** to pursue this UPC himself if the union decides not to (Dills 3514.5 (a)) and worse of all, **went along** with Mr. Toomey's addition of the 1542 waiver in settlement agreement of WR/WR!

NOTE: Plaintiff will be pursuing a separate 42 USC § 1983 against SEIU 1000 for similar 1, 2 and 3 courts – or – should these be combined, since companies are a two-way street?

The only conclusion, after considering the facts, legal authority cited along with plaintiff's description of his findings of fact and conclusions of law in his legal analysis/rationale incorporating the facts **and** legal authority cited – a legal analysis/rationale that supports either severe incompetency of SCIF and SEIU 1000 – or – supports that these entities cooperated to violate state and federal laws to dismiss an employee who couldn't be dismissed if all laws were complied with.

**42 USC § 1983**

Visit **ups.com®** or call **1-800-PICK-UPS®** (1-800-742-5877) to schedule a pickup or find a drop off location near you.

**Domestic Shipments**

- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

- The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

Note: Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

# Reusable Express Envelope
## Letter Size

Reduce paper waste by using this envelope a second time either to return to sender or to ship to another recipient. See reuse instructions on flap above.

## Decision Green℠

Decision Green is UPS's environmental platform, reflecting our pursuit of sustainable business practices worldwide. For example, this envelope is made from 100% recycled material and is both reusable and recyclable.



100% Recycled fiber
80% Post-Consumer



```
EARL MYKLES                          0.3 LBS LTR 1 OF 1
(209) 956-6611                       SHP WT: LTR
THE UPS STORE #1452                  DATE: 23 NOV 2018
6507 PACIFIC AVE
STOCKTON  CA 95207-3717

SHIP  CLERK OF U.S. DISTRICT COURT
TO:   STE 420
      333 W BROADWAY

      SAN DIEGO  CA 92101-3806
```

CA 921 9-10

UPS NEXT DAY AIR          1
TRACKING #: 1Z 835 4E3 24 0162 8789

BILLING: P/P
SIGNATURE REQUIRED



NOV 2 6 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED

This envelope is for use with the following services:

**UPS Next Day Air®**
**UPS Worldwide Express®**
**UPS 2nd Day Air®**

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

Apply shipping documents on this side.

Serving you for more than 100 years